UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

WILLIAM ALLEN HAWTHORNE,
    Petitioner,

vs.                                                          Case No.:  3:20cv5856/MCR/EMT

MARK S. INCH,
    Respondent.
_____/

## REPORT AND RECOMMENDATION

This cause is before the court on Respondent's motion to dismiss Petitioner's federal habeas petition as untimely (ECF No. 12). Respondent submitted relevant portions of the state court record (ECF Nos. 12–1 through 12-13). The court directed Petitioner to file a response to the motion to dismiss (ECF No. 13), but he has not done so, and the response deadline has passed.

The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(B); *see also* 28 U.S.C. § 636(b)(1)(B), (C) and Fed. R. Civ. P. 72(b). After careful consideration of the issues presented by the parties, and the state court record, it is the opinion of the undersigned that the pleadings and

attachments before the court show that the habeas petition is untimely. Therefore, Respondent's motion to dismiss should be granted.

I.  RELEVANT BACKGROUND AND PROCEDURAL HISTORY

The relevant aspects of the procedural background are established by the state court record (*see* ECF Nos. 12-1 through 12-13).[1] Petitioner William Allen Hawthorne (Hawthorne) was convicted in the Circuit Court in and for Escambia County, Florida, Case No. 2014-CF-4627, of two counts of dealing in stolen property by trafficking (Counts 2 and 3) and two counts of pawnbroker transaction fraud (less than $300) (Counts 5 and 6) (ECF No. 12-2 (judgment and sentence)). The court sentenced Hawthorne as a habitual violent felony offender to concurrent terms of fifteen years in prison on Counts 2 and 3, with credit for 153 days of time served, and time served on Counts 5 and 6 (*id.*).

Hawthorne appealed the judgment and sentence to the Florida First District Court of Appeal ("First DCA"), Case No. 1D15-1495 (*see* ECF No. 12-3 at 2–3 (First DCA docket)). The First DCA affirmed the judgment and sentences per curiam on March 28, 2016 (*id.* at 4 (opinion)). *Hawthorne v. State*, 186 So. 3d 1026 (Fla. 1st DCA 2016).

---

[1] The court refers to the document numbers and page numbers automatically assigned by the court's electronic filing system.

Case No.: 3:20cv5856/MCR/EMT

On May 11, 2016, Hawthorne filed a motion for reduction or modification of sentence in the state circuit court, pursuant to Rule 3.800(c) of the Florida Rules of Criminal Procedure (ECF No. 12-4 (motion)). The circuit court summarily denied Hawthorne's motion in an order rendered on June 2, 2016 (ECF No. 12-5 (order)).

On February 20, 2018, Hawthorne file a motion for extension of time in the state circuit court, requesting an extension of the deadline to file a motion for post-conviction relief, pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure (ECF No. 12-6 (motion)). The circuit court granted the motion and set a deadline of June 13, 2018, for Hawthorne to file a Rule 3.850 motion (ECF No. 12-7 (order)). Hawthorne filed a Rule 3.850 motion on May 30, 2018 (ECF No. 12-8 (motion)). On June 18, 2018, the circuit court directed Hawthorne to file an amended motion within sixty days (ECF No. 12-9 (order)). Hawthorne did not file an amended Rule 3.850 motion until September 14, 2018 (ECF No. 12-10 (amended motion)). The circuit court denied Hawthorne's amended post-conviction motion as untimely in an order rendered on September 24, 2018 (ECF No. 12-11 (order)).

On December 1, 2019, Hawthorne filed a motion to correct an illegal sentence in the state circuit court, pursuant to Rule 3.800(b) of the Florida Rules of Criminal

Procedure (ECF No. 12-12 (motion)). The circuit court denied the motion on April 29, 2020 (ECF No. 12-13 (order)).

Hawthorne filed his § 2254 petition on January 27, 2021 (ECF No. 7).

II.   DISCUSSION

A one-year period of limitation applies to the filing of a habeas petition by a person in custody pursuant to a state court judgment. *See* 28 U.S.C. § 2244(d)(1). The limitation period runs from the latest of:

> (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Page 5 of 10

28 U.S.C. § 2244(d)(1).  The time during which a properly filed application for state post-conviction or other collateral review is pending is not counted toward the one-year federal limitations period.  *See* 28 U.S.C. § 2244(d)(2).

Respondent contends the appropriate statutory trigger for the federal limitations period in this case is the finality date of the judgment, pursuant to § 2244(d)(1)(A) (*see* ECF No. 12 at 5–7).  Hawthorne has not alleged or shown that a different statutory trigger applies.

Hawthorne's judgment of conviction becomes final, for purposes of § 2244(d)(1)(A), upon expiration of the 90-day period in which he could seek direct review of his conviction in the United States Supreme Court.  The 90-day period runs from the date of entry of the judgment sought to be reviewed.  *See* U.S. Sup. Ct. Rule 13; *Chavers v. Sec'y, Fla. Dep't of Corr.*, 468 F.3d 1273, 1275 (11th Cir. 2006).  Calculating the finality date in Hawthorne's case, the 90-day period for seeking certiorari review in the Supreme Court was triggered by the First DCA's affirmance in the direct appeal, on March 28, 2016, and it expired ninety days later, on June 26, 2016.  The federal limitations period commenced the next day, on June 27, 2016.[2]  The limitations period ran untolled until it expired one year later, on June

---

[2] Federal Rule of Civil Procedure 6(a) provides that "[i]n computing any period of time prescribed or allowed by . . . any applicable statute, the day of the act, event or default from which the

Case No.:  3:20cv5856/MCR/EMT

Page 6 of 10

27, 2017.³ *See Downs v. McNeil*, 520 F.3d 1311, 1318 (11th Cir. 2008) (limitations period should be calculated according to "anniversary method," under which limitations period expires on anniversary of date it began to run) (citing *Ferreira v. Dep't of Corr.*, 494 F.3d 1286, 1289 n.1 (11th Cir. 2007))

      Hawthorne has not argued he is entitled to review of his time-barred petition through any recognized exception. The court notes that Hawthorne attempted to initiate this habeas case by filing a Motion for Enlargement of Time on September 24, 2020 (ECF No. 1). Hawthorne alleged he had been "under COVID-19 lockdown" since February 10, 2020, and he did not anticipate he would have access to institutional legal resources until October 15, 2020 (*id.*). Hawthorne requested that the court set a deadline of December 15, 2020 to file his § 2254 petition (*id.*). The court construed Hawthorne's motion as a request for equitable tolling of the federal limitations period (*see* ECF No. 2). The court denied the Motion for

---

designated period of time begins to run shall not be included." Fed. R. Civ. P. 6(a); *see also Washington v. United States,* 243 F.3d 1299, 1301 (11th Cir. 2001) (Rule 6 applies to calculation of one-year statute of limitations under AEDPA).

³ Hawthorne's Rule 3.800(c) was pending from May 11, 2016 to June 2, 2016. *See Reid v. State*, 224 So. 3d 306 (Fla. 3d DCA 2017) (an order on a Rule 3.800(c) motion is not appealable); *Walters v. State*, 994 So. 2d 1230 (Fla. 2d DCA 2008) (same); *Howard v. State*, 914 So. 2d 455 (Fla. 4th DCA 2005) (same); *Riggs v. State*, 847 So. 2d 1037 (Fla. 1st DCA 2003) (same). It did not toll the federal limitations period, because the limitations did not begin to run until June 27, 2016, **after** final disposition of the motion.

Enlargement of Time on October 2, 2020, on the ground that until Hawthorne filed an actual habeas petition, the court lacked jurisdiction to consider his request for tolling (*see id.*).

Section 2244(d) is subject to equitable tolling. *See Holland v. Florida*, 560 U.S. 631 (2010); *San Martin v. McNeil*, 633 F.3d 1257, 1267 (11th Cir. 2011). Equitable tolling is a rare and extraordinary remedy. *See San Martin*, 633 F.3d at 1271. A petitioner is entitled to equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland*, 560 U.S. at 649 (internal quotation marks and citation omitted). The diligence required to qualify for equitable tolling is "reasonable diligence, not maximum feasible diligence." *See San Martin*, 633 F.3d at 1267 (internal quotation marks and citation omitted). Further, there must be a causal connection between the alleged extraordinary circumstances and the late filing of the petition. *See id*.

Here, there is no causal connection between the COVID-19 lockdown and the late filing of Hawthorne's § 2254 petition. The deadline for Hawthorne to file his § 2254 petition was June 27, 2017, nearly three years prior to the lockdown in February of 2020. Further, Hawthorne has not alleged he made any effort, let alone

a diligent one, to file his § 2254 petition on time (i.e., on or before June 27, 2017). Therefore, Hawthorne does not qualify for equitable tolling.

## III. CONCLUSION

Hawthorne's federal habeas petition was not filed within the one-year statutory limitations period set forth in § 2244(d), and he has not demonstrated he is entitled to review of his untimely petition through any recognized exception to the time bar. Therefore, Respondent's motion to dismiss should be granted, and the habeas petition dismissed with prejudice as untimely.

## IV. CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." 28 U.S.C. § 2254 Rule 11(a). A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. 28 U.S.C. § 2254 Rule 11(b).

"Section 2253(c) permits the issuance of a COA only where a petitioner has made a 'substantial showing of the denial of a constitutional right.'" *Miller-El v.*

*Cockrell*, 537 U.S. 322, 336 (2003) (quoting § 2253(c)(2)). "At the COA stage, the only question is whether the applicant has shown that 'jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" *Buck v. Davis*, — U.S.—, 137 S. Ct. 759, 773 (2017) (citing *Miller-El*, 537 U.S. at 327). The petitioner here cannot make that showing. Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED**:

1. That Respondent's motion to dismiss (ECF No. 12) be **GRANTED**; and the petition for writ of habeas corpus (ECF No. 7) be **DISMISSED with prejudice** as untimely.

2. That a certificate of appealability be **DENIED**.

At Pensacola, Florida, this 2<u>nd</u> day of July 2021.

> /s/ *Elizabeth M. Timothy*
> **ELIZABETH M. TIMOTHY**
> **CHIEF UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control</u>.  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**

Case No.:  3:20cv5856/MCR/EMT